IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION No. 08-648-2 |
| | : | |
| v. | : | CIVIL ACTION No. 16-1974 |
| | : | |
| NIEMA DENBY | : | |

**MEMORANDUM**

**Juan R. Sánchez, C.J.**                                                                                   **October 31, 2023**

Niema Denby has filed a motion under 28 U.S.C. § 2255 seeking relief from her conviction and sentence for violating 18 U.S.C. § 924(c) by carrying and using a firearm during a crime of violence. At issue is whether the predicate offense for Denby's § 924(c) conviction—completed Hobbs Act robbery—qualifies as a crime of violence after *Johnson v. United States*, 576 U.S. 591 (2015), and *United States v. Davis*, 139 S. Ct. 2319 (2019). The Third Circuit Court of Appeals has joined the "unanimous Circuit authority" holding it does. *United States v. Stoney*, 62 F.4th 108, 112-13 (3d Cir. 2023). Denby's motion will therefore be denied.

**BACKGROUND**

In October 2008, Denby was charged by indictment with conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951; Hobbs Act robbery, in violation of 18 U.S.C. § 1951; and carrying and using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1). All three charges arose out of her participation in the armed robbery of a grocery store in Philadelphia. Denby later pled guilty to these charges and was sentenced to a total of 183 months of imprisonment—120 months on each of the conspiracy and robbery counts, to run concurrently, and 63 months on the § 924(c) count, to run consecutively.

In April 2016, Denby, represented by the Federal Community Defender Office for the Eastern District of Pennsylvania, filed the instant § 2255 motion based on the Supreme Court's

then-recent decision in *Johnson v. United States*. In that case, the Supreme Court invalidated the "residual clause" in the definition of a "violent felony" in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague and held that imposing an increased sentenced under the clause violated due process. *See Johnson*, 576 U.S. at 597, 606. Denby argued the *Johnson* decision applied equally to the similarly worded residual clause in the definition of a "crime of violence" in 18 U.S.C. § 924(c)(3)(B), and, as a result, Hobbs Act robbery no longer qualified as a crime of violence under the statute.[1] Denby's motion was initially stayed pursuant to a court-wide Administrative Order, and it remained stayed while the relevant issues were under consideration by higher courts.

On September 13, 2023, Denby filed a motion to lift the stay and notice of authority governing her § 2255 motion. The filing alerted this Court that the Third Circuit's decision in *United States v. Stoney* had become final and governed her § 2255 motion. Mot. to Lift Stay ¶ 4, ECF No. 107. The Court granted Denby's motion and lifted the stay on September 14, 2023.

---

[1] Denby's indictment identified both conspiracy to commit Hobbs Act robbery and Hobbs Act robbery as predicates for the § 924(c) charge, and Denby argued in her § 2255 motion that neither offense qualified as a crime of violence after *Johnson*. While Denby is correct as to the conspiracy offense, *see, e.g.*, *United States v. Barrett*, 937 F.3d 126 (2d Cir. 2019), *abrogated on other grounds by Lora v. United States*, 143 S. Ct. 1713 (2023), the Court "must look not only at the indictment but also at the 'plea agreement and the attendant factual proffer' to determine the predicate crime of violence for a § 924(c) guilty plea," *Stoney*, 62 F.4th at 112 (citation omitted). The Government's factual proffer, both in its change of plea memorandum and at the change of plea hearing, established that Denby personally robbed the grocery store while carrying a gun in her hand and then fired shots at the store owner's feet when the owner chased after her with a bat. *See* Change of Plea Mem. ¶¶ 7-10; Change of Plea Hr'g at 9:50-9:57, Nov. 6, 2009 (court audio). Denby admitted the Government's factual summary was accurate at the change of plea hearing. Change of Plea Hr'g at 9:57-9:59 (court audio). The record is thus clear that completed Hobbs Act robbery was a predicate for Denby's § 924(c) conviction. *See Stoney*, 62 F.4th at 112 (finding "no question that [defendant's] § 924(c) conviction [wa]s predicated on a completed Hobbs Act robbery" where defendant admitted at change of plea hearing to using a loaded gun to rob a restaurant).

**DISCUSSION**

Under 28 U.S.C. § 2255, a prisoner in federal custody may move to vacate, set aside, or correct the sentence on the ground it "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  Denby relies on the first ground, arguing her § 924(c) conviction violates due process of law under *Johnson*.  Because the record conclusively shows Denby is not entitled to relief, a hearing is unnecessary in this case.  *See id.* § 2255(b).

Section 924(c) "authorizes heightened criminal penalties for using or carrying a firearm 'during and in relation to,' or possessing a firearm 'in furtherance of,' any federal 'crime of violence.'"  *Davis*, 139 S. Ct. at 2324 (quoting 18 U.S.C. § 924(c)(1)(A)).  The statute defines a "crime of violence" as

> an offense that is a felony and—
>
>   (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
>   (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

In *Davis*, decided while Denby's § 2255 motion was pending, the Supreme Court held subsection (B) of this definition—§ 924(c)'s residual clause—was unconstitutionally vague.  139 S. Ct. at 2336.  The validity of Denby's § 924(c) conviction thus turns on whether the predicate offense of Hobbs Act robbery qualifies as a crime of violence under subsection (A), the statute's "elements clause."  *See Stoney*, 62 F.4th at 111 n.2 (recognizing that, after *Davis*, "only

3

§ 924(c)(3)(A), the 'elements clause,' contemplates whether a felony offense qualifies as a crime of violence").

In addressing this issue in *Stoney*, the Third Circuit held "a completed Hobbs Act robbery requires proof of 'the use, attempted use, or threatened use of physical force'" and is thus "categorically a crime of violence under § 924(c)(3)(A)."[2]  62 F.4th at 113-14 (quoting 18 U.S.C. § 924(c)(3)(A)).  As Denby acknowledges, "[u]nder *Stoney*, a § 924(c) conviction in which the predicate 'crime of violence' is completed Hobbs Act robbery is valid under *Johnson* and *Davis*."  Mot. to Lift Stay ¶ 4, ECF No. 107.  Because her § 924(c) conviction remains valid, Denby's § 2255 motion must be denied.[3]  Given the unanimity of Circuit authority on this issue, *see Stoney*, 62 F.4th at 113-14, a certificate of appealability shall not issue, as Denby has not shown reasonable jurists would find the Court's assessment of her constitutional claims debatable or wrong, *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

An appropriate order follows.

---

[2] The Third Circuit previously reached the same conclusion in *United States v. Walker*, 990 F.3d 316 (3d Cir. 2021), in which the ultimate question was whether *attempted* Hobbs Act robbery qualified as a crime of violence under § 924(c)(3)(A).  At Denby's request, however, this case remained stayed pending resolution of the certiorari proceedings in *Walker*.  The judgment in *Walker* was later vacated in light of the Supreme Court's decision in *United States v. Taylor*, 142 S. Ct. 2015 (2022), that *attempted* Hobbs Act robbery does not satisfy § 924(c)'s elements clause. But in *Stoney*, the Third Circuit reaffirmed its earlier holding that "competed Hobbs Act robbery is a valid § 924(c) predicate," noting *Taylor* did not change the court's position.  62 F.4th at 113.

[3] In her § 2255 motion, Denby also argued her career offender enhancement under the advisory Federal Sentencing Guidelines violated due process under *Johnson* because none of the convictions used to support the enhancement qualified as a "crime of violence" under the career offender guideline.  In *Beckles v. United States*, however, the Supreme Court rejected a claim that the residual clause in the definition of a crime of violence under the career offender guideline was unconstitutionally vague, holding "the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause."  580 U.S. 256, 259 (2017).  Denby's challenge to her career offender enhancement is thus foreclosed by *Beckles*.

BY THE COURT:


   /s/ Juan R. Sánchez
Juan R. Sánchez, C.J.